NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

NOV 25 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

      Plaintiff - Appellant,

v.

MEIFANG WENG,

      Defendant - Appellee.

No. 25-1088

D.C. No.
1:24-cr-00011-RVM-1

MEMORANDUM[*]

Appeal from the District of Northern Mariana Islands
Ramona V. Manglona, Chief District Judge, Presiding

Argued and Submitted September 24, 2025
Saipan, Northern Mariana Islands

Before: MURGUIA, Chief Judge, and McKEOWN and RAWLINSON, Circuit
Judges.

A jury found Meifang Weng ("Weng") guilty of conspiring to transport, as

well as aiding and abetting the transportation of, a noncitizen who has come to,

entered, or remains in the United States unlawfully under 8 U.S.C. § 1324

(a)(1)(A)(ii) and (v)(I)-(II). After trial, the district court granted Weng's renewed

motion for judgment of acquittal based on insufficient evidence of her specific

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

intent to further the illegal presence of another non-citizen. The government appeals from the district court's judgment.

We have jurisdiction over the government's appeal pursuant to 18 U.S.C. § 3731. We review *de novo* the district court's decision on a motion for judgment of acquittal based on insufficient evidence. *See United States v. Torralba-Mendia*, 784 F.3d 652, 663 (9th Cir. 2015). We reverse.

In reviewing the sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the prosecution and then determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Sineneng-Smith*, 982 F.3d 766, 776 (9th Cir. 2020) (quoting *United States v. Nevils*, 598 F.3d 1158, 1163-64 (9th Cir. 2010)). To convict Weng of conspiracy and aiding and abetting the transportation of noncitizens, the government needed to prove, *inter alia*, that Weng had the specific intent to further the illegal presence of another noncitizen. *See Torralba-Mendia*, 784 F.3d at 663; Ninth Circuit Manual of Model Criminal Jury Instructions 4.1, 7.2, 11.1. A rational trier of fact could have found the government met its burden.

The government presented evidence at trial that supports the inference that Weng coordinated between a subgroup of immigrants and Hu Taitano, one of the smuggling ring's leaders. Specifically, a Special Agent testified that there were

four or five calls between Hu Taitano and Weng on the day the subgroup met with Hu Taitano. The government also introduced a photograph of Weng holding the subgroup's deposit money. And the government introduced a video from Weng's phone of Hu Taitano counting the subgroup's deposit money while individuals off-camera referred to themselves with collective pronouns, noting that "we are all facing difficulties" and "this represents our good faith," to which Hu Taitano responded, "I'm finished with you five." When asked at oral argument about this evidence, Weng's counsel acknowledged that it showed Weng taking a leadership role within the subgroup.

From Weng's leadership role in the subgroup, a reasonable juror could infer Weng's intent to further the illegal presence of the other noncitizens in the subgroup. *See United States v. Hernandez-Guardado*, 228 F.3d 1017, 1023 (9th Cir. 2000) ("The Government need not prove by direct evidence a defendant's intent to further the presence of an illegal alien.").

The district court dismissed this evidence because Weng paid the deposit only for herself at the subgroup meeting. But this payment for herself does not negate the reasonable inference of her leadership role and related intent towards the subgroup.

The government's remaining arguments are without merit.

**REVERSED** and **REMANDED**.

25-1088